UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 3:19-CV-289-CEA-HBG ) |
| ANDREW RAGONE and FRANK MUSOLINO, | ) ) ) |
| Defendants. | ) ) |

# REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral Order [Doc. 32] of the District Judge.

Now before the Court is a Motion for Default against Defendant Andrew Ragone [Doc. 25]. Defendant Musolino filed a Response [Doc. 27] to the Motion, and Plaintiff replied [Doc. 28]. The Motion is ripe for adjudication. Accordingly, the Court **RECOMMENDS** that Plaintiff's Motion [**Doc. 25**] be **GRANTED IN PART AND DENIED IN PART.**

I. **BACKGROUND**

The Court will first summarize the allegations in the Amended Complaint and then turn to the procedural history.

A. **Amended Complaint**

The Complaint in this case was filed on July 29, 2019, [Doc. 1] and later amended on July 29, 2019. [Doc. 8]. The Amended Complaint alleges that on or about September 25, 2017, Plaintiff issued a homeowner policy ("Policy") to Defendant Andrew Ragone and Denise Ragone

for their residence ("Ragone Household"). [*Id.* at ¶ 6]. Plaintiff further states that Defendant Musolino lived with Defendant Ragone from June 2017 through May 4, 2018. [*Id.* at ¶ 11].

The Amended Complaint states that on March 12, 2018, at the time Defendant Musolino was living with Defendant Ragone, Defendant Musolino allegedly fell and injured himself going down one of the staircases in the Ragone Household when the railing came loose. [*Id.* at ¶ 12]. Plaintiff states that Defendants are second cousins and that Defendant Musolino was also a resident of the Ragone's Household. [*Id.* at ¶¶ 13-14]. The Amended Complaint alleges that Defendant Musolino came to live with Defendant Ragone and his family so that Defendants could start an auto repair business. [*Id.* at ¶ 15]. Defendant Musolino intended to stay for a period of time as necessary to establish the business. [*Id.*]. Defendant Musolino left the Ragone Household on May 4, 2018, following an altercation with Defendant Ragone and his family. [*Id.* at ¶ 17].

The Amended Complaint alleges the following with respect to Defendant Musolino's living arrangements: (1) Defendant Musolino did not pay rent or contribute to the payment of any household obligations, (2) Defendant Musolino had his own bedroom and maintained clothing at the Ragone Household, (3) Defendant Musolino received mail at the Ragone Household, (4) Defendant Musolino ate meals with Defendant Ragone and his family at the Ragone Household, (5) Defendant Musolino did not need permission to use any part of the Ragone Household and that he came and went freely, and (6) Defendant Musolino participated in social family functions with Defendant Ragone and his family. [*Id.* at ¶¶ 18-22].

The Amended Complaint states that based on the above, Defendant Musolino was a resident of the Ragone Household and a family member, and therefore, falls within the definition of the "insured" under the Policy. [*Id.* at ¶¶ 24-25]. Plaintiff claims that as such, the Policy does not provide any coverage for Defendant Musolino's claims asserted against Defendant Ragone in

the state court action because coverage for "bodily injury" to a relative resident is excluded. [*Id.* at ¶ 27]. Among other requests, the Amended Complaint requests the following:

1. That the Court adjudicate and declare the Policy provides no coverage whatsoever for the alleged injury to Defendant Musolino.

2. That the Court adjudicate and declare that the Policy provides no coverage obligation with respect to the lawsuit instituted by Defendant Musolino against Defendant Ragone in the Circuit Court for Knox County, Tennessee, and specifically, there is no continued duty to defend or indemnify Defendant Ragone for any damages sought by Defendant Musolino in the Knox County action; and

3. That the Court adjudicate and declare that Plaintiff is entitled to withdraw the defense that it has provided under a reservation of rights to Defendant Ragone in the lawsuit instituted by Defendant Musolino in the Knox County action.

[*Id.* at 7].

### B. Procedural History

As mentioned above, the Complaint in this case was filed on July 29, 2019, [Doc. 1] and later amended on July 29, 2019. [Doc. 8]. The Summons was returned executed on August 9, 2019, and reflects service on Denise Ragone on August 3, 2019. [Doc. 9]. Defendant Ragone did not respond to the Amended Complaint. On April 6, 2020, Plaintiff filed an application of default as to Defendant Ragone, and the Clerk entered default [Doc. 24] on May 5, 2020. On the same day, May 5, 2020, Plaintiff filed the instant Motion.

### II. POSITIONS OF THE PARTIES

Plaintiff requests [Doc. 25] that default judgment be entered against Defendant Ragone pursuant to Federal Rule of Civil Procedure 55. Plaintiff states that Defendant Ragone was personally served, he did not respond to the Complaint as required, and the Clerk entered default. Plaintiff states that it provided notice of its intention to seek default judgment to Defendant Ragone

3

and also served Defendant Ragone with a copy of the instant Motion. Specifically, Plaintiff requests that the Court declare as follows: (1) the Policy provides no coverage whatsoever to Defendant Ragone for the alleged injury to Defendant Musolino, (2) the Policy provides no coverage obligation with respect to the lawsuit initiated by Defendant Musolino against Defendant Ragone in the Circuit Court for Knox County, Tennessee, and specifically, there is no continued duty to defend or indemnify Defendant Ragone for any damages sought by Defendant Musolino in the Knox County action, and (3) Plaintiff is entitled to withdraw the defense it has provided to Defendant Ragone under reservation of rights for the lawsuit instituted by Defendant Musolino in the Knox County action.

Defendant Musolino responded [Doc. 27] to the Motion, stating that he has no objection to a default be entered against Defendant Ragone but such "should not affect or be determinative of the issue of whether the [Policy] for the Ragone residence excludes Musolino, as someone who is able to make a claim against the [P]olicy." [*Id.* at 1]. Defendant Musolino argues that the issue of whether he was a resident of the Ragone Household at the time is still unclear. Defendant Musolino states that allowing Defendant Ragone to void his insurance policy and/or coverage simply by not responding or participating in this litigation would be unfair and prejudicial to Defendant Musolino's claim against Defendant Ragone in the underlying civil action currently pending in Knox County Circuit Court. Defendant Musolino requests that the Court deny Plaintiff's request to declare (1) that the Policy provided no coverage for Defendant Ragone for the injury to Defendant Musolino, and (2) that Policy provided no coverage obligation with respect to the lawsuit initiated by Defendant Musolino in the Circuit Court of Knox County, Tennessee. Defendant Musolino states that he has no objection to Plaintiff withdrawing its defense it provided to Defendant Ragone in the underlying civil action in Knox County Circuit Court.

4

Case 3:19-cv-00289-CEA-JEM Document 34 Filed 04/30/21 Page 4 of 8 PageID #: 259

Plaintiff filed a Reply [Doc. 28], stating that it is not asserting that the Court should decide the merits of the case but only that Defendant Ragone cannot later object to the determination of the issues outlined in the Complaint for Declaratory Judgment. Plaintiff expects that even if a default judgment is granted against Defendant Ragone, the case will proceed as to Defendant Musolino.

## III.   ANALYSIS

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Following the entry of default, a party may apply for default judgment, and the Court may conduct a hearing – if needed, to perform an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter – prior to entering default judgment. Fed. R. Civ. P. 55(b). "Once the Clerk has entered a default against a defendant, the Court must treat all well-pleaded allegations in the Complaint as true." *AF Holdings LLC v. Bossard*, 976 F. Supp. 2d 927, 929 (W.D. Mich. 2013) (citing *Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007) (entry of default judgment "conclusively establishes every factual predicate of a claim for relief")).

Before the Court reaches the merits of Plaintiff's request, the Court must first determine whether jurisdiction exists and whether it is appropriate to consider Plaintiff's request given that there are multiple Defendants. With respect to jurisdiction, "The Declaratory Judgment Act does not provide an independent basis of jurisdiction, thus, a court can only hear a declaratory judgment action when it is founded upon an independent ground of jurisdiction." *U.S. Specialty Ins. Co. v. Payne*, 387 F. Supp. 3d 853, 859 (E.D. Tenn. 2017). Here, diversity jurisdiction exists because of complete diversity of the parties and the amount of controversy exceeds $75,000. *See* [Doc. 8 at

¶ 5] (explaining that the parties are citizens from different states and that Defendant Musolino seeks damages not to exceed $500,000).

Next, the Court notes that "[i]f there are multiple defendants in a case, the 'preferred method' is to withhold granting a default judgment motion until the merits of the action have been decided against the remaining defendants." *Id.* at 866 (quoting *Loyless v. Oliveria*, No. 1:09-cv-239, 2010 WL 2735758, at *5 (E.D. Tenn. July 12, 2010)). The purpose of withholding a decision on a default judgment is to avoid an inconsistent judgment. *See id.* (stating that the court earlier denied a motion for default because identical claims against the other defendants were pending but now those have been resolved, "there is no danger of an inconsistent judgment"); *see also Frow v. De La Vega*, 82 U.S. 552 (1872) (explaining that a district court should not enter default judgment against one or more defendants when the default judgement is, or is likely to be inconsistent with the judgment on the merits in favor of the answering defendants).

Here, given the Court's limited language (described below) regarding the default judgment against Defendant Ragone, there is no risk of inconsistent judgments. Further, the Court finds it appropriate to consider this declaratory judgment action against Defendant Ragone at this time. Specifically, while the declaratory action would not settle the entire controversy, it serves a useful purpose in clarifying the legal relations at issue, there is no evidence of procedural fencing or increased friction between state and federal courts, and there is no indication of an alternative remedy that is more effective. *Payne,* 387 F. Supp. 3d at 860 (citing *Grand Trunk W.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323 (6th Cir. 1984)). The Court will now turn to the merits of Plaintiff's Motion.

As explained above, Plaintiff requests in its Motion that the Court declare as follows: (1) the Policy provides no coverage whatsoever to Defendant Ragone for the alleged injury to

Defendant Musolino, (2) the Policy provides no coverage obligation with respect to the lawsuit initiated by Defendant Musolino against Defendant Ragone in the Circuit Court for Knox County, Tennessee, and specifically, there is no continued duty to defend or indemnify Defendant Ragone for any damages sought by Defendant Musolino in the Knox County action, and (3) Plaintiff is entitled to withdraw the defense it has provided to Defendant Ragone under reservation of rights for the lawsuit instituted by Defendant Musolino in the Knox County action. Defendant Musolino objects to the first two requests because entering such declarations could affect his claims against the Policy. Defendant Musolino does not object to Plaintiff's third request. In its Reply, Plaintiff states that it requests a default judgment against Defendant Ragone so that Defendant Ragone cannot later object to any determination of the issues and that Plaintiff expects the case will proceed with respect to Defendant Ragone's claim.

Accordingly, given the parties' positions, the Court will recommend that default judgment be rendered against Defendant Ragone. At this time, however, the Court only recommends that the Court find that Plaintiff be entitled to withdraw the defense it provided Defendant Ragone under reservation of rights for the lawsuit instituted by Defendant Musolino in the Knox County action. The Court agrees with the parties that the case should proceed with respect to the claims involving Defendant Musolino. The Court further agrees with Defendant Musolino that granting Plaintiff's other requests could affect Defendant Musolino's causes of action or result in inconsistent judgments.

IV.  **CONCLUSION**

Based upon the above, the undersigned **RECOMMENDS**[1] as follows:

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to

1. Plaintiff's Motion for Default Judgment [**Doc. 25**] be **GRANTED IN PART AND DENIED IN PART;** and

2. Default Judgment be rendered against Defendant Ragone to the extent that Plaintiff is entitled to withdraw its defense that it provided to Defendant Ragone under reservation of rights and the lawsuit instituted by Defendant Musolino in the Knox Count action.

The Clerk of Court is **DIRECTED** to send Defendant Ragone a copy of this Report and Recommendation at the address provided in Plaintiff's Motion. [Doc. 25 at 3].

Respectfully submitted,

*Bruce Guyton*
United States Magistrate Judge

---

appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).