UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:19-CV-289-CEA-HBG |
| ANDREW RAGONE, and FRANK MUSOLINO, | ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion for Withdrawal [Doc. 41], filed by Attorney Adam Selvidge, counsel for Defendant Frank Musolino. For grounds, the Motion states that circumstances have arisen that render it impossible for Attorney Selvidge to continue representing Defendant Musolino. The Motion provides Defendant Musolino's current mailing address and his telephone number. In addition, a copy of the Motion was provided to Defendant Musolino fourteen (14) days prior to being filed. Finally, the Motion requests that Defendant Musolino be given thirty (30) days to retain new counsel or advise the Court that he will proceed pro se.

Pursuant to Local Rule 83.4, in order to withdraw from a case, an attorney must do the following:

> (1) File a motion with the Court requesting permission to withdraw as counsel of record;
>
> (2) Include in the motion the current mailing address and telephone number of the client;

> (3) Unless the motion is signed by both the attorney and the client or a consent to the withdrawal signed by the client is attached to the motion, provide a copy of the motion to the client at least 14 days prior to the date the motion is filed;
>
> (4) If a hearing date on the motion is set, certify in writing to the Court that the client was served at least 7 days before the hearing with notice (i) of the date, time, and place of hearing and (ii) that the client as a right to appear and be heard on the motion; and
>
> (5) Certify to the Court that the above requirements have been met.

The Court finds that Attorney Selvidge's Motion for Withdrawal complies with the Local Rules. Accordingly, the Motion for Withdrawal [**Doc. 41**] is **GRANTED IN PART**. The Court expects Attorney Selvidge to provide copies of any relevant documents to any future counsel for Defendant Musolino or directly to Defendant Musolino upon request. Attorney Selvidge is hereby **RELIEVED** of his duties as counsel in this case.

The Motion also requests that Defendant Musolino be given thirty (30) days to retain new counsel or advise the Court that he will proceed pro se. The Court notes that Attorney Selvidge originally filed his motion for withdrawal on June 18, 2021, and it was denied without prejudice. Defendant Musolino has had sufficient time to retain counsel, and the Court notes that there are no imminent deadlines contained in the Scheduling Order. *See* [Doc. 36].

Accordingly, Defendant Musolino is hereby **ADMONISHED** that he is **DEEMED** to be proceeding pro se. Until he obtains substitute counsel, it is his obligation to stay up to date on the status of this case and comply with the deadlines set by the Court. Likewise, if he elects to proceed in this case without an attorney, he is responsible for complying with all deadlines set by the Court and responding to any requests for relief by other parties, *see* E.D. Tenn. L.R. 7.1. Defendant

Musolino, like any other party, will be expected to comply with the Federal Rules of Civil Procedure, the Local Rules, and the Court's Orders.

The Clerk of Court is **DIRECTED** to mail a copy of this Memorandum and Order to Defendant Musolino at the address provided in the Motion for Withdrawal and to update CM/ECF accordingly.

**IT IS SO ORDERED.**

ENTER:

/s/ Bruce Guyton
United States Magistrate Judge